# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HOLDERS OF THE GSAMP TRUST 2005-SEA2,

    Plaintiff,

vs.

THE FOOTHILLS AT SOUTHERN HIGHLANDS HOMEOWNERS ASSOCIATION, *et al.*,

    Defendants.

SFR INVESTMENTS POOL 1, LLC,

    Counter/Cross Claimant,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,

    Counter/Cross Defendants.

Case No.: 2:16-cv-00245-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 65), filed by Plaintiff Deutsche Bank National Trust Company ("Plaintiff"). Defendants Foothills at Southern Highlands Homeowners Association ("HOA"), Red Rock Financial Services ("Red Rock"), and SFR Investments Pool 1, LLC ("SFR") filed Responses, (ECF Nos. 74, 75, 76), and Plaintiff filed a Reply, (ECF No. 79).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 71), filed by SFR. HOA filed a notice of non-opposition, (ECF No. 77), Plaintiff filed a Response, (ECF No. 78), and SFR filed a Reply, (ECF No. 80).

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment is **GRANTED** and SFR's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

I.    **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 5354 San Florentine Avenue, Las Vegas, Nevada 89141 (the "Property"). (Compl. ¶ 7, ECF No. 1). On June 14, 2004, Ulfat Siddiqui ("Borrower") purchased the Property by way of a loan in the amount of $620,000.00 secured by a deed of trust ("DOT") recorded on June 18, 2004. (*See* Deed of Trust, Ex. A to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 65-1). The DOT identifies Bank of America, N.A. ("BANA") as beneficiary. (*Id.*). On December 8, 2005, a second deed of trust ("SDOT") was recorded against the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Meridias Capital, Inc. (*See* Second Deed of Trust, Ex. A-5 to SFR's MSJ, ECF No. 71-1).

Upon Borrower's failure to pay all amounts due, HOA, through its agent Red Rock, recorded a notice of delinquent assessment lien on October 22, 2009. (*See* Notice of Delinquent Assessment, Ex. C to Pl.'s MSJ, ECF No. 65-3). On April 25, 2011, Red Rock, on behalf of HOA, recorded a notice of default and election to sell. (*See* Notice of Default, Ex. D to Pl.'s MSJ, ECF No. 65-4).

On January 10, 2013, BANA assigned its interest in the DOT to Plaintiff which was recorded the next day. (*See* Assignment, Ex. B to Pl.'s MSJ, ECF No. 65-2). On September 23, 2013, HOA, through Red Rock, recorded a notice of foreclosure sale. (*See* Notice of Trustee's Sale, Ex. E to Pl.'s MSJ, ECF No. 65-5). On November 19, 2013, BANA, as an agent for Plaintiff, unsuccessfully attempted to tender payment to HOA to satisfy the super-priority amount owed. (*See* Letter, Ex. F3 to Pl.'s MSJ, ECF No. 65-6). HOA foreclosed on the

Property on December 20, 2013, and a foreclosure deed was recorded in favor of SFR on December 30, 2013. (*See* Foreclosure Deed, Ex. G to Pl.'s MSJ, ECF No. 65-7).

Plaintiff filed its Complaint on February 8, 2016, bringing the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title through the requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") § 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (*See* Compl. ¶¶ 29–75). On April 14, 2016, SFR filed an Answer asserting cross claims as well as counterclaims for (1) quiet title; and (2) injunctive relief. (*See* Answer ¶¶ 47–61, ECF No. 20).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing

the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in

his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

Plaintiff and SFR filed cross motions for summary judgment on their claims arising from the HOA foreclosure and subsequent sale. The parties dispute whether the Ninth Circuit's ruling in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (Pl.'s MSJ 5:14–9:16, ECF No. 65); (SFR's MSJ 8:9–10:24, 12:26–18:5, ECF No. 71). Accordingly, before turning to the merits of the parties' claims, the Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley*.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in

notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed to NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

SFR further argues that NRS § 107.090, which requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each "person with an interest" or "claimed interest" that is "subordinate" to the HOA's super-priority, is incorporated into NRS Chapter 116 by NRS § 116.31168. (*See* SFR's MSJ 8:15–9:18, ECF No. 71). However, *Bourne Valley* expressly rejected this argument. *See Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). Therefore, the Court declines to adopt this interpretation.

**B.     Return to Notice Scheme in 1991 Version of NRS 116.3116 *et seq.***

In addition to its § 107.090 argument, SFR contends that the facially unconstitutional ruling in *Bourne Valley* requires the Court to treat § 116.3116 *et seq.* as if it were never passed and instead apply the prior version of the statute. (*See* SFR's MSJ 17:4–18:5). Specifically, SFR argues for the application of the 1991 version of the statute, which existed prior to the amendment incorporating the unconstitutional provisions in the 1993 version. (*Id.*). The alleged notice scheme in the 1991 version of the statute provided: "[t]he association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it." A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570–71. Based on a retroactive application of the 1991 version, SFR argues that the foreclosure sale passes constitutional scrutiny and extinguishes the DOT.

Indeed, Nevada law recognizes the theory that a statute may "return" to its prior version upon a ruling of unconstitutionality. *See We People Nevada ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008) ("[W]hen a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."). Under federal law, however, courts rely on principles of reasonableness and fairness to determine the effect of a ruling on a statute's constitutionality.

*See Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308, U.S. 371, 374 (1940); *Linkletter v. Walker*, 381 U.S. 618, 621–29 (1965); *Lemon v. Kurtzman*, 411 U.S. 192, 198–99 (1973).

Here, the Court declines to apply the return doctrine and revive the 1991 version of the statute. In making this determination, the Court finds persuasive the reasoning of other decisions in this District. *See Nationstar Mortg. LLC v. Giavanna Homeowners Ass'n*, No. 2:15-cv-01992-LDG-CWH, 2017 WL 4248129, at *2 (D. Nev. Sept. 25, 2017) (declining to apply the return doctrine to revive the notice scheme contained in the 1991 version of NRS § 116.31168 because *Bourne Valley* struck down NRS §§ 116.31163(2) and 116.31165(2)(b)— not NRS § 116.31168); *see also Nationstar Mortg. LLC v. Tyrolian Vill. Ass'n, Inc.*, No. 3:17-cv-00250-LRH-VPC, 2017 WL 5559955, at *4 (D. Nev. Nov. 17, 2017) (declining to apply the return doctrine because it would allow parties to retain benefits under the 1993 version of the statute "while simultaneously avoiding any detriments under the same version of the statute").

Moreover, even to the extent the Court did apply the return doctrine, the 1991 version of the statute poses additional unresolved constitutional concerns. *See* N.R.S. § 116.31168; *see also U.S. Bank Nat'l Ass'n v. Thunder Properties Inc.*, No. 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, at *3 (D. Nev. Sept. 14, 2017) (finding the 1991 notice scheme "ripe for constitutional consideration"); *Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (stating that courts should construe statutes so as to avoid constitutional infirmities). The Court therefore declines to apply the 1991 version of the statute to the instant case and rejects SFR's argument.

### C. Severability

SFR further argues that the Court should sever the unconstitutional provisions of NRS § 116 and enforce the remaining statute. (SFR's MSJ 13:6–17:2). This approach, however, would leave the statute without any notice provision. The absence of a notice requirement would raise additional constitutional due process challenges, which is "inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional

infirmities." *See PNC Bank, N.A. v. Winfield Springs Cmty. Ass'n*, No. 3:15-cv-00346-MMD-VPC, 2017 WL 4172616, at *4 (D. Nev. Sept. 20, 2017) (denying defendant's severability argument based on potential due process issues). The Court, therefore, rejects this argument.

Based on the foregoing, the Court finds that HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure sale cannot have extinguished Plaintiff's DOT. The Court additionally finds that the sale of the Property remains intact, but the Property remains subject to Plaintiff's interest, and the DOT continues to encumber the Property. Accordingly, as between Plaintiff and SFR, the Court denies SFR's Motion and grants summary judgment in favor of Plaintiff on its quiet title and declaratory relief claim.

For the same reason, SFR's claims for quiet title and injunctive relief against MERS fail. SFR's assertion that pursuant to NRS § 116, MERS' SDOT was extinguished by the HOA foreclosure, (*see* SFR's MSJ 26:14–18), is at odds with the Ninth Circuit's holding *Bourne Valley*. *See, e.g.*, *First 100 LLC v. Bank of America, N.A.*, No. 13-cv-00680-LDG-NJK, 2017 WL 4227937, at *3 (D. Nev. Sept. 21, 2017) (noting that pursuant to *Bourne Valley*, "it is a mortgage lender holding an interest junior to the HOA's lien whose constitutional due process rights were violated by the foreclosure sale."). Accordingly, SFR's Motion for Summary Judgment, as to MERS, is denied.

Next, the Court turns to SFR's quiet title claim against Borrower in his individual capacity, as well as in his capacity as trustee of the Ulfat S. Siddiqui Trust-90, (*see* SFR's MSJ 26:24–27:5). SFR has adduced evidence concerning its title to the Property relative to that of Borrower including the notice of delinquent assessment lien, notice of default, notice of sale, and the foreclosure deed. (*See* Notices, Exs. A-7, A-9, A-12 to SFR's MSJ, ECF No. 71-1); (*see also* Foreclosure Deed, Ex. B-2 to SFR's MSJ, ECF No. 71-2). Because the Court holds that the sale remains intact, and in light of SFR's evidence concerning its title to the Property, the Court grants SFR's Motion against Borrower to the extent that Borrower asserts any

adverse interest in the Property.[1] *See* NRS § 40.010. However, as discussed *supra*, SFR's interest in the Property remains subject to the DOT and SDOT.

### D.	Plaintiff's Remaining Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff primarily requests a declaration that SFR purchased the Property subject to Plaintiff's DOT. (*See* Compl. 15:3–4). Plaintiff's causes of action against HOA and Red Rock for violation of NRS § 116.1113 and wrongful foreclosure are phrased in the alternative. (*Id.* 15:8–10). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action.

With respect to Plaintiff's request for a preliminary injunction against SFR pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

///

///

///

///

///

///

///

///

///

---

[1] Borrower has not appeared in this action and SFR has moved for clerk's entry of default, (ECF Nos. 69, 70), which the clerk of court subsequently entered on January 17, 2018, (ECF No. 73).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 65), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 71), is **GRANTED in part** and **DENIED in part**. SFR's Motion as it relates to Plaintiff and MERS is **DENIED**. SFR's Motion to quiet title against Borrower is **GRANTED** to the extent Borrower asserts an adverse interest in the Property. However, SFR's interest in the Property remains subject to the DOT and SDOT.

**DATED** this __27__ day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge